UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON GAZA,

    Plaintiff,

v.                                                          Case No: 8:14-cv-1012-T-30JSS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 27), Plaintiff's Response in Opposition (Dkt. 32), and Defendant's Reply (Dkt. 39). The Court, having reviewed the motion, response, reply, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted and final judgment entered in Defendant's favor.

## BACKGROUND

Plaintiff Jason Gaza filed the instant action against Defendant LTD Financial Services, L.P. ("LTD") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Gaza alleges that LTD called him numerous times via an automatic telephone dialing system ("ATDS") without his consent.

LTD now moves for summary judgment because Gaza cannot point to any evidence in the record establishing that the calls made to Gaza were made with an ATDS. LTD relies on the deposition of its corporate representative, David John, on the issue of

whether an ATDS was used to place the subject calls. John testified that an agent launched the calls; specifically, the agent pulled up the subject account from a database and then used his mouse to manually click on the phone number associated with the account to launch the call. There is nothing in the record establishing that LTD utilized a predictive dialer to launch the calls to Gaza's phone number.

Gaza failed to file a timely response to LTD's motion for summary judgment. After the Court issued an Order to Show Cause regarding this failure, Gaza requested that the Court take judicial notice of a recent Federal Communications Commission ("FCC") Declaratory Ruling and a purported screen shot of a case study from the website of Castel Connects, a non-party. In his response to LTD's motion for summary judgment, Gaza relies almost entirely on the screen shot to argue that there is a material disputed fact on the issue of whether an ATDS was used to place the subject calls. As discussed below, the Court declines to take judicial notice of the screen shot from Castel Connects' website.

The Court concludes that LTD is entitled to summary judgment because Gaza failed to make a showing sufficient to establish the existence of an element essential to his case - that is, that the subject calls were made via an ATDS.

## JUDICIAL NOTICE STANDARD

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The screen shot at issue is from the website of Castel, a non-party. It describes a "case study" of Castel's predictive dialer product and discusses an interview with LTD's chairman and CEO, Lenny Pruzansky. The case study includes quotes from Pruzansky. For example, it includes a quote that LTD selected a Castel predictive dialer in 1999. And that Castel's "technology works and works well...." The case study is essentially a marketing tool for Castel's products.

Gaza relies on the case study to establish that LTD utilized Castel, a predictive dialer, when it placed the calls to Gaza. This is improper for numerous reasons. First, as LTD points out, it would be inappropriate to take judicial notice of the screen shot from Castel's website. Courts have long recognized that private, non-governmental websites are not the proper subject of judicial notice. *See, e.g., Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (finding no abuse of discretion in the district court's refusal to take judicial notice of a document from a non-governmental website where "facts within it were not 'generally known within the trial court's territorial jurisdiction' and could not be 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (quoting Fed.R.Evid. 201(b)).

Here, Gaza requests the Court to take judicial notice of what is essentially a marketing tool posted on a non-party's website. This information is not self-

3

authenticating and Gaza does not proffer any evidence that adequately proves the authenticity of the screen shots from the website. *See, e.g. Sun Protec. Factory, Inc. v. Tender Corp.*, No. 604CV732ORL19KRS, 2005 WL 2484710, at *6 (M.D. Fla Oct. 7, 2005) ("websites are not self-authenticating"). Accordingly, the Court declines to take judicial notice of the screen shots from Castel's website. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) ("[A] company's website is a marketing tool. Often, marketing material is full of imprecise puffery that no one should take at face value.").

Notably, even if the Court considered the screen shots, they are insufficient to create a genuine issue for trial. As explained in more detail below, Gaza asserts, without any evidentiary support, that "Defendant has admitted to using Castel Connects and Avaya predictive dialing software *to place the calls to Plaintiff's cell phone.*" (Dkt. 31) (emphasis added). This statement is incorrect. The only record evidence in this case regarding how the calls at issue were made is John's deposition testimony. While John testified that LTD uses two systems, Avaya and Castel Connects, to place outgoing calls, John never testified that any "predictive dialing software" was used to place the calls to Gaza. To the contrary, John testified that the calls placed to Gaza were initiated manually.

Gaza appears to argue, again without any evidentiary support, that the dialing system referenced in the screen shots from Castel Connects' website is the same dialing system that placed the calls to Gaza. This argument fails because the record does not

4

contain any evidence linking the information contained in the screen shots to the manner in which the calls were made to Gaza.

For all of these reasons, Gaza's judicial notice request with respect to the screen shots from Castel Connects' website is denied.[1]

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the

---

[1] LTD does not oppose the judicial notice request with respect to the recent FCC ruling and the Court agrees that judicial notice of this ruling is appropriate.

nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), provides that "[i]t shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service." In order to prevail on a TCPA claim for a violation of 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must show that the defendant: (1) made a call using an

6

automatic telephone dialing system; (2) the call was not made for emergency purposes; (3) the call was made without the plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to the plaintiff's cellular telephone service. *See e.g. Lee v. Gulf Coast Collection Bureau, Inc.*, No. 8:13-CV-2276-T-24, 2014 WL 6978760, at *2 (M.D. Fla. Dec. 10, 2014); *Wagner v. CLC Resorts & Devs., Inc.*, No. 6:14-CV-281-ORL-31GJ, 2014 WL 3809130, at *2 (M.D. Fla. Aug. 1, 2014).

The TCPA defines an ATDS as equipment that has the capacity to both: (1) store or produce telephone numbers to be called, using a random or sequential number generator, and (2) dial such numbers. *See* 47 U.S.C. § 227(a)(1). "The FCC has expanded the definition of an ATDS to include predictive dialers, which utilize lists of phone numbers that the equipment dials without human intervention and then assists in predicting when an agent is available to take the call." *See Wilcox v. Green Tree Servicing, LLC*, No. 8:14-cv-1681-T-24-TGW, 2015 WL 2092671, at *4 (M.D. Fla. May 5, 2015) (citing *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517853, at *46 (F.C.C. July 3, 2003) ("2003 FCC Ruling")). The FCC expanded the definition because the basic function of ATDS equipment is "the capacity to dial numbers without human intervention." *See id.*

With respect to the ATDS definition, the FCC, in its July 10, 2015 Declaratory Ruling and Order noted:

7

> We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason. We also find that callers cannot avoid obtaining consent by dividing ownership of pieces of dialing equipment that work in concert among multiple entities.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2015 WL 4387780, at *5-*6 (F.C.C. July 10, 2015) ("2015 FCC Ruling").

Here, Gaza has pointed to no admissible evidence establishing that the calls placed to Gaza were made with "dialing equipment" that has "the capacity to store or produce, and dial random or sequential numbers." There is also no evidence showing that the calls were made using a predictive dialer.

The record shows that the subject calls were placed manually. Gaza has not pointed to any evidence that contradicts John's testimony that the agent selected the number to be called and the calls were made as a result of human intervention. Gaza relies on the 2015 FCC Ruling to argue that the focus should be on whether the calls were placed with "dialing equipment," but, even under this broad definition, he does not point to any admissible evidence showing that dialing equipment was utilized with respect to the subject calls. Gaza also makes statements in his response to the summary judgment motion that are wholly unsupported in the record and attempts to improperly shift the burden to LTD to disprove the elements of Gaza's case.

In sum, Gaza's TCPA claims fail as a matter of law because he failed to establish a genuine issue for trial with respect to whether the calls were placed using an ATDS, a necessary element of his claims. *See Wilcox*, 2015 WL 2092671, at *5 (granting summary judgment in the defendant's favor with respect to five calls that the agent made by manually dialing the plaintiff's cell phone number).

It is therefore ORDERED and ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. 27) is granted.

2. The Clerk of Court is directed to enter final judgment in Defendant's favor and against Plaintiff.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 24, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-1012.TCPA-MSJ-grant27.wpd